UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL BERNARDO SANCHEZ, | ) | SA CV 10-1823 DOC |
| | ) | SA CR 02-0319 DOC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PETITIONER |
| | ) | SANCHEZ'S MOTION TO |
| UNITED STATES OF AMERICA, | ) | DISQUALIFY JUDGE |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

**I.**

**BACKGROUND**

This motion arises out of the criminal prosecution of petitioner Gabriel Bernardo Sanchez ("Sanchez" or "petitioner"), along with his long-time friend and business partner, Timothy Lyons ("Lyons"). Sanchez and Lyons were charged with 33 counts of mail fraud and 11 counts of money laundering, under 18 U.S.C. § 1341 and 18 U.S.C. § 1956(a)(1)(A)(i), based on their operation of a fraudulent charitable scam wherein donors were told contributions would go to specific charitable activities when in fact they did not.

On November 3, 2003, a jury convicted Sanchez and Lyons

1  on all counts.   The Court denied Sanchez's motion for acquittal

2  under Rule 29 and his motion for new trial under Rule 33.   On March

3  8, 2004, Sanchez and Lyons were each sentenced to 180 months in

4  prison and three years of supervised release.   They appealed.

5          On January 11, 2007, the U.S. Court of Appeals for the

6  Ninth Circuit affirmed in large part, with a limited remand,

7  pursuant to U.S. v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir.

8  2005), to ascertain whether the sentence imposed would have been

9  materially different had the district court known that the

10  Sentencing Guidelines were advisory.   U.S. v. Lyons, 472 F.3d 1055,

11  1070-71 (9th Cir. 2007).

12          On December 3, 2007, the district court re-sentenced

13  Sanchez to the same sentence previously imposed.   Sanchez appealed.

14  On June 23, 2009, affirming in full and rejecting Sanchez's request

15  to turn the limited Ameline remand into a de facto re-sentencing,

16  the Ninth Circuit held that the district court properly refused to

17  consider post-sentencing factors on limited remand.   U.S. v.

18  Sanchez, 569 F.3d 995, 998 (9th Cir. 2009).   On August 28, 2009,

19  Sanchez's motion for panel rehearing and rehearing en banc was

20  denied.   The mandate issued on September 8, 2009.   On October 16,

21  2009, Sanchez filed a petition for certiorari, which the Supreme

22  Court denied on December 4, 2009.

23          On December 1, 2010, Sanchez filed a motion to vacate,

24  set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

25  On the same day, Sanchez filed the instant "Motion to Disqualify

26  Judge David O. [Carter] from Hearing my Title 28 U.S.C. 2255 Motion

27  for Extra-Judicial Bias and Pervasive Bias Pursuant to 28 U.S.C. §

28  455(a)-(b)(1)."   (Doc. No. 2.)   On December 3, 2010, pursuant to

1  General Order 08-05, the motion was assigned to the undersigned for

2  decision.  (Doc. No. 3.)

3       As explained below, the Court finds the motion

4  procedurally and substantively deficient.

**II.**

**SUMMARY OF MOTION**

7       Sanchez's motion is premised on various alleged errors

8  made during trial, post-trial at the Rule 29 hearing, and at

9  sentencing.  Sanchez groups the errors into the following broad

10 categories of substantive rulings:  (1) rulings based on trial

11 testimony regarding false statements made in charitable brochures

12 and use of charitable funds; (2) rulings made at the Rule 29

13 hearing regarding the $150,000 left in charitable accounts, along

14 with the court's pre-trial reading and post-trial reliance on

15 certain newspaper articles[1]; and, (3) rulings holding Sanchez

16 liable for the full amount of loss, including losses incurred after

17 Sanchez relinquished operational control of his charitable

18 organizations.

**III.**

**DISCUSSION**

21 **A.**       **Legal Standard**

22      Under 28 U.S.C. § 455(a), a judge "shall disqualify

23 himself in any proceeding in which his impartiality might

24 reasonably be questioned."   Under 28 U.S.C. § 144, if "the judge

---

26      [1]  The newspaper articles reportedly broke the story of
27 Sanchez's fraudulent charitable scheme and identified certain of
his purported charitable organizations as frauds.  The articles
28 were excluded from evidence at trial.

before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, . . . [he] shall proceed no further . . . ."  "Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotation marks and alteration omitted).

Motions under section 455 must be timely made.  United States v Branco, 798 F.2d 1302, 1304-05 (9th Cir. 1986); United States v. Conforte, 624 F.2d 869, 879 (9th Cir. 1980), cert. denied, 449 U.S. 1012, 101 S. Ct. 568, 66 L. Ed. 2d 470 (1980); accord United States v. Brinkworth, 68 F.3d 633, 639 (2d Cir. 1995).  "A disqualification motion filed after trial and judgment is generally considered untimely."  Branco, 798 F.2d at 1304 (internal quotation marks omitted).

**B.      Timeliness**

In determining whether petitioner's motion is timely, the Court finds instructive the Second Circuit's four-factor test regarding timeliness of recusal motions.  Brinkworth, 68 F.3d at 639.

First, has the movant participated in a substantial manner in trial or pre-trial proceedings?  Sanchez's substantial participation is evident from the allegations made in his motion.

Second, would granting the motion represent a waste of judicial resources?  Sanchez claims that because many of his claims have to be reviewed "de novo," reassigning his 2255 motion would not waste judicial resources.  This argument is misguided and

improperly imputes an appellate standard of review to the district court.  Judge Carter presided over a nine-day[2] jury trial, as well as post-trial proceedings, sentencing, and re-sentencing post-remand.  Judge Carter's familiarity with the case, especially as to the effect of the Ninth Circuit's two published opinions on the validity of Sanchez's sentence, would needlessly be duplicated if the motion is assigned to another judge.

Third, is the motion made after the entry of judgment?  An amended judgment was entered in this case on December 13, 2007, three years ago.

Fourth, can the movant demonstrate good cause for the delay?  Although Sanchez's case has been appealed to the Ninth Circuit twice, and his petition for certiorari to the Supreme Court was denied only one year ago, all of the arguments advanced in the instant motion could have been raised following sentencing.  The conduct of which Sanchez complains took place before trial, post-trial at the Rule 29 hearing, and during sentencing.  This conduct is six or more years old.[3]  Sanchez does not allege, nor can he,

---

[2]  The Court of Appeals erroneously recounted "a two-day trial."  472 F.3d at 1063.

[3]  It is unclear when Sanchez claims to have discovered an alleged secret deal between the FTC and Tamara Bell ("Bell"), a government witness at Sanchez's trial.  Sanchez argues that the prosecution and the district court knew about the deal at the time of trial; Sanchez believes the existence of this deal was exculpatory evidence that should have been disclosed.  However, the public record in case no. 8:03-cv-00790-DOC-AN belies these assertions.  The FTC's complaint against Bell was publicly filed on May 20, 2003, and the supposed "deal" in the form of a stipulated injunction was publicly filed on May 21, 2003.  Because Bell's case was part of the public record, as further demonstrated by the fact that Sanchez downloaded the complaint

1   that he was unaware of this conduct other than at the time it

2   occurred.   Because Sanchez fails to justify the extended delay in

3   filing the instant motion, the Court finds no good cause for the

4   delay.

5          Thus, the motion must be denied as untimely.

6   **C.**        **Substantive-Based Rulings**

7         Under section 455(a), "Any justice, judge, or magistrate

8   judge of the United States shall disqualify himself in any

9   proceeding in which his impartiality might reasonably be

10   questioned."   Under section 455(b)(1), "He shall also disqualify

11   himself . . . [w]here he has a personal bias or prejudice

12   concerning a party, or personal knowledge of disputed evidentiary

13   facts concerning the proceedings[.]"   28 U.S.C. § 455 (a)-(b)(1).

14   That a judge's rulings are adverse to a party, standing alone, is

15   not a basis for disqualification.   <u>Liteky v. United States</u>, 510

16   U.S. 540, 555, 114 S. Ct. 1147, 127 L .Ed. 2d 474 (1994).

17         As summarized above, Sanchez's arguments revolve around

18   his dissatisfaction with substantive rulings made by Judge Carter.

19   As implicitly recognized by Sanchez through his filing of two

20   appeals to the Ninth Circuit, the proper remedy for disagreement on

21   substantive rulings lies in the appeals process.   <u>Id.</u>   Indeed, the

22   Ninth Circuit has already ruled on much of the alleged "conduct"

23   *//*

24   *//*

25   *//*

26   ―――――――――――――――――

27   and stipulated injunction from the FTC's website and attached a
copy of each to his motion, Sanchez has not alleged any newly-

28   discovered information which could excuse his delay.

complained of by Sanchez.[4]  <u>See, e.g.</u>, <u>Lyons</u>, 472 F.3d at 1064-72
(opinion affirming district court's rulings on admission of
evidence regarding telemarketing fees, applicability of the Supreme
Court's decision in <u>Madigan</u>, jury instructions, and co-schemer
liability for period after Sanchez relinquished operational control
of the charitable organizations); <u>Sanchez</u>, 569 F.3d at 997 (opinion
affirming imposition of same sentence on re-sentencing).

        To the extent Sanchez failed to raise other substantive
arguments on appeal (e.g., whether the burden to prove his
innocence was improperly shifted to him at trial, whether he was
convicted on an illegal theory of fraud based on representations he
made about the tax-exempt status of his organizations, whether
Sanchez's intentions for the use of $150,000 in donations entitle
him to a new trial), he has waived those arguments.

        Sanchez also argues that Judge Carter is personally
biased against him, under section 455(b)(1), based on newspaper
articles the court read and subsequently excluded from trial
because the court found the articles would be unduly prejudicial to
Sanchez.[5]  That the court excluded newspaper articles reportedly
uncovering Sanchez's web of fraudulent charitable activities from

---

        [4]  During his first appeal, Sanchez also unsuccessfully
sought to have the case remanded to a different judge.  The Ninth
Circuit found no evidence of bias based solely on comments made
 by the district court to defense counsel.  472 F.3d at 1071-72.

        [5]  Sanchez argues that it was improper for the district
court to read the newspaper articles before trial.  In order for
the trial judge to rule on the admissibility of the articles,
however, he was required to read their contents.  The court
cannot be faulted for fulfilling its duty of ruling on the
evidence.

the jury because of the risk of undue prejudice does not suggest bias.  To the contrary, this highly favorable evidentiary ruling suggests that Judge Carter was protecting petitioner's right to a fair trial.

Neither the court's reference to the newspaper articles during the Rule 29 hearing, (Reporter's Transcript of Proceedings ("RT") at 35, December 12, 2003, 8:02-cr-00319-DOC), nor the court's overruling of Sanchez's objection to a statement in the pre-sentence report referencing the articles, (RT at 18, Sentencing, March 8, 2004, 8:02-cr-00319-DOC), show personal bias against Sanchez.  The court's statements merely reflect that the evidence at trial, as well as the resulting jury verdict, were consistent with the contents of the articles.  This conclusion is fairly supported by the record and is not an indication of bias.  See Liteky, 510 U.S. at 551 ("[A] judge is not thereby recusable for bias or prejudice [where] his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings[.]").

In short, Sanchez does not come forward with facts which would cause a reasonable person to believe that Judge Carter is biased against him or otherwise lacking impartiality.  As recognized by the Ninth Circuit, even though Sanchez believes that "the district judge does not like [him]," Judge Carter made rulings favorable to Sanchez after the allegedly biased conduct occurred.  Lyons, 472 F.3d at 1071-72.  Contrary to Sanchez's assertions, his selective citations to the record do not equate with facts supporting acquittal nor do they call into question Judge Carter's ability to rule impartially on Sanchez's 2255 motion.

**IV.**

**CONCLUSION**

For the reasons stated above, because there is no basis for recusal under the general recusal provisions in section 455(a) or the personal bias provision of section 455(b)(1), Sanchez's motion to disqualify Judge Carter is denied.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.

DATED:   December 15, 2010.

ALICEMARIE H. STOTLER
ALICEMARIE H. STOTLER
U.S. DISTRICT JUDGE