O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 10-1823 DOC
         SACR 02-319 DOC                          Date:  August 30, 2012

Title: GABRIEL BERNARDO SANCHEZ V. UNITED STATES OF AMERICA

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                   N/A
Courtroom Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is *pro se* Petitioner Gabriel Bernardo Sanchez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion"). Mot. (Dkt. 1). After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby DENIES the Motion.[1]

### I.    Background

On March 9, 2004, Petitioner Gabriel Bernardo Sanchez ("Petitioner") was convicted by a jury of thirty-three counts of mail fraud, in violation of 18 U.S.C. § 1341, and eleven counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Mot. (Dkt. 1) at 2. The Court sentenced Petitioner to 180 months imprisonment.

Petitioner appealed his sentence to the Ninth Circuit in 2006, which affirmed on all grounds but remanded for the limited purpose of determining whether the court would have imposed the same sentence had it considered the sentencing guidelines to be advisory rather than mandatory, pursuant to *United States v. Ameline*, 409 F.3d 1073,

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                                    Date: August 30, 2012
                SACR 02-319 DOC                                    Page 2

---

1078-79 (9th Cir. 2005) (en banc) (holding that to determine whether a sentence based on then-mandatory sentencing Guidelines constitutes error, the case must be remanded to the district court to determine "whether the sentence would have been different had the court known that the Guidelines were advisory."); *United States v. Lyons*, 453 F.3d 1222 (9th Cir. 2006). Petitioner then petitioned for certiorari, which was denied. *Sanchez v. United States*, 550 U.S. 937, 127 S.Ct. 2285 (2007). On remand, this Court concluded that it could not take Petitioner's post-rehabilitative efforts into account to answer the sole question placed before it on remand. This Court also determined that it would have imposed the same sentence had it considered the guidelines to be advisory rather than mandatory. Petitioner again appealed and in 2009 the Ninth Circuit affirmed. *United States v. Sanchez*, 569 F.3d 995 (9th Cir. 2009). The Petitioner petitioned for certiorari, which was again denied on November 30, 2009. *Sanchez v. United States*, 130 S. Ct. 761, 175 L.Ed.2d 531 (2009).

On November 8, 2010 Petitioner lodged the present Motion and the Motion was filed on December 1, 2010. Mot. (Dkt. 1).[2]

## II.      Legal Standard

A motion to vacate, set aside, or correct sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that ... there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S .C. § 2255(b). If the motion combined with the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *See id* .

The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F.Supp.2d 1181, 1187 (D.Kan.2001) (citation omitted). In a successful § 2255 motion, the "defendant must

---

[2] Section 2255 provides that a "1-year period of limitation" applies, and runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). A defendant's conviction becomes final when his petition for a writ of certiorari with the Supreme Court is denied. *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079, 155 L.Ed.2d 88 (2003). The Supreme Court denied the petition for writ of certiorari on November 30, 2009. The face page of Petitioner's motion indicates it was "filed" on December 1, 2010. However, the motion also indicates it was "lodged" on November 8, 2010. The so-called "mailbox rule" deems a convicted defendant's habeas petition filed when he hands it to the prison authorities. *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988). Thus, Petitioner's motion is not time-barred.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                           Date: August 30, 2012
           SACR 02-319 DOC                           Page 3

---

show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). It is important to note that "relief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

### III.    Discussion

     In his motion, Petitioner seeks to invalidate his sentence on the following grounds: (1) the government failed to disclose to the defense information regarding a witness; (2) the court failed to disclose the existence of the information regarding the witness upon learning that the defense was unaware of its existence; (3) the court failed to give proper jury instructions regarding the witness; (4) Petitioner was convicted on an unlawful theory of fraud; (5) Petitioner's counsel rendered ineffective assistance by failing to advise Petitioner that the percentage of funds paid to fundraisers would be admissible evidence; (6) Petitioner's counsel rendered ineffective assistance by failing to arrange for testimony of any defense witnesses, failing to assist in preparing defense exhibits, and failing to prepare defense witnesses; (7) Petitioner's counsel rendered ineffective assistance by failing to prepare jury instructions; (8) Petitioner's counsel rendered ineffective assistance by failing to object to the ex post facto application of *Madigan*[3]; and (9) that the Supreme Court's decision in *Pepper*[4] should apply retroactively on collateral review. Mot. (Dkt. 1); Reply (Dkt. 23).

     A number of Petitioner's claims are procedurally-barred, while the remainder fail on the merits. Petitioner has already raised the third and fourth claims on direct appeal to the Ninth Circuit and therefore these issues may not be re-litigated in a § 2255 motion. Furthermore, Petitioner has not sufficiently demonstrated constitutionally-deficient performance or resulting prejudice from the errors complained of in claims one, two, five, six, seven, eight or nine. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). For this reason, the Court DENIES Petitioner's Motion.

---

[3] *Madigan v. Telemarketing Assoc.*, 538 U.S. 600, 123 S.Ct. 1829, 155 L.Ed.2d 793 (2003)
[4] *Pepper v. United States*, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                                   Date: August 30, 2012
       SACR 02-319 DOC                                        Page 4

---

### a. Petitioner Cannot Show Prejudice from the Errors Complained of in the First and Second Claims

Petitioner's first and second claims are procedurally defaulted, meaning that Petitioner is procedurally barred from raising these claims in his motion because they were never addressed by this Court or the Ninth Circuit. Courts have consistently held that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. at 165, 102 S.Ct. at 1593; *see also United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60 L.Ed.2d 805 (1979) ("[Congress] did not purport to modify the basic distinction between direct review and collateral review"); *United States v. Corsentino*, 685 F.2d 48, 50 (2d Cir.1982) ("emphasizing the importance of finality of criminal judgments of conviction"). The Supreme Court has reasoned that for the purposes of preserving judicial resources and the integrity of final judgments, the scope of collateral attacks must be narrowly limited. *Addonizio*, 442 U.S. at 184, 99 S.Ct. at 2239.

### i.   Standard for Excusing Procedural Default

Where claims are procedurally defaulted, collateral relief may only be obtained if a convicted defendant can show both "cause and actual prejudice." *See, e.g., Frady*, 456 U.S. at 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816; *Davis v. United States*, 411 U.S. 233, 245, 93 S.Ct. 1577, 1584, 36 L.Ed.2d 216 (1973); *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977). "[A] convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 168, 102 S.Ct. at 1594. This standard is necessary not only to discourage intentional defaults, but also to avoid the costs of federal habeas review, which include "a reduction in the finality of litigation." *See Murray v. Carrier*, 477 U.S. 487, 487, 106 S.Ct. 2639, 2644–45 (1986).

It is unnecessary to determine whether Petitioner can show "cause" excusing his procedural default because he has not established "prejudice" sufficient to excuse his failure to raise these issues when given an opportunity to do so. To establish prejudice for his two claims, the petitioner must establish that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Frady*, 456 U.S. at 170, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816. To ascertain the level to which such errors taint the constitutional sufficiency of the trial, they must be evaluated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                          Date: August 30, 2012
      SACR 02-319 DOC                                 Page 5

---

in the total context of the events at trial. *Id.* at 169. Petitioner has failed to meet this high standard for prejudice.

> ### ii.  Petitioner is Not Excused for Procedurally Defaulting on his Claims

Petitioner raises two new issues in his motion that could have been, but were not brought on direct appeal. He argues that: (1) the government failed to disclose exculpatory/impeachment information, namely, an agreement between witness Tamara Bell and the FTC; and (2) the trial court failed to disclose the existence of the exculpatory/impeachment information. Regardless of whether Petitioner could show "cause" for failing to raise these issues previously, he is unable to show "prejudice." The weight of the evidence demonstrates that the defense counsel knew of the evidence and even questioned the witness regarding the evidence. The defense counsel states that the evidence involving Tamara Bell "was known to the defense before the trial, or at least by the time trial commenced." Opp'n Ex. D (Kennon Decl.) (Dkt. 342) at ¶ 4. In addition, Ms. Bell's testimony at trial indicates that defense counsel had a copy of the evidence.[5] Opp'n Ex. B (10/23/03 Reporter's Transcript) (Dkt. 342). Therefore, even if the government failed to disclose the agreement between Tamara Bell and the FTC, Petitioner suffered no prejudice because his attorney was aware of the evidence. The trial court's failure to disclose the evidence did not prejudice Petitioner for the same reason. The Court DENIES Petitioner's motion to the extent that it is premised on these two arguments.

> ### b.  Petition May Not Raise the Two Claims Already Addressed on Direct Appeal

In disregard of well-established procedural rules pertaining to § 2255 motions, Petitioner attempts to re-litigate claims that were already raised on direct appeal. Petitioner argues in his motion that the Court failed to give jury instructions sua sponte regarding a witness' testimony. This claim was raised on direct appeal and, although the Ninth Circuit did not directly address the argument, it reviewed the court's failure to

---

[5] *See, e.g.*, Opp'n Ex. B (10/23/03 Reporter's Transcript) (Dkt. 342) at 63(defense counsel asking Witness Bell "[y]ou actually signed an agreement with the Federal Trade Commission to stop raising funds?"); 64 (defense counsel asking Witness Bell "[a]t the time that the Federal Trade Commission asked you to sign this agreement with them to stop your activities, what was your position with regard to, let's say, in general, charities?")

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                          Date: August 30, 2012
      SACR 02-319 DOC                               Page 6

---

instruct several jury instructions and found no error. *United States v. Lyons*, 453 F.3d 1222 (9th Cir. 2006).

Additionally, Petitioner claims that his conviction was obtained by an illegal theory of fraud. This issue was raised before the Ninth Circuit on direct appeal and the Court noted that the government relied on this issue as one of the theories of fraud in the case. Upon losing on direct appeal, Petitioner now seeks collateral review of these two claims without making any significant changes in his arguments.

It is well settled, that "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *cf. United States v. Metzger*, 3 F.3d 756, 758 (4th Cir. 1993) (noting that the "unique interests in judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice" serve as a basis of the § 2255 petition's procedural bar). The Ninth Circuit entertained these identical claims and found no error on direct appeal. Accordingly, the Court DENIES the motion to the extent that it is founded on the Court's failure to give jury instructions sua sponte and that conviction was obtained by an illegal theory of fraud allowed to go to the jury.

### c. Petitioner Did Not Receive Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claims are founded on defense counsel's alleged: (1) failure to properly advise Petitioner that certain evidence would be admissible at trial and Petitioner would have attempted a plea deal had he known; (2) failure to arrange for defense witness testimony, assist in preparing defense exhibits, and prepare defense witnesses for testimony; (3) failure to prepare jury instructions; and (4) failure to object to the ex post facto application of *Madigan*.

The standard for evaluating an ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is constitutionally deficient when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A defendant claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case: (1) "his counsel's performance was so deficient that it fell below an objective standard of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                                   Date: August 30, 2012
      SACR 02-319 DOC                                       Page 7

---

reasonableness," and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hensley v. Crist*, 67 F.3d 181, 184–85 (9th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. at 687–88, 694, 104 S.Ct. at 2064, 2068). An after-the-fact examination of counsel's performance "is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.3d 1251, 1253 (9th Cir. 1987).

    **i.**    **Defense Counsel's Advice and Petitioner's Claim About Agreeing to a Plea Deal**

Petitioner claims that defense counsel failed to fully inform him that information regarding the high percentage of fees charged by the fundraisers would be admissible. Petitioner claims that, had he known the information would be admissible, he would have worked out a plea deal. The only evidence of these claims is Petitioner's own declaration. Court transcripts and a declaration by Petitioner's counsel rebut Petitioner's claims. The court ruled in a motion hearing before trial *that Petitioner attended* that the information would be admissible. Defense counsel also states that Petitioner had no desire to work out a plea deal with the government. Opp'n Ex. D (Kennon Decl.) (Dkt. 342) at ¶ 8.

Given Petitioner's prevarication regarding his knowledge about whether the information was admissible, his claim has absolutely no merit. Alternatively, even assuming Petitioner was not informed that the information would be admissible, the Court finds counsel did not provide constitutionally-deficient representation.

    **ii.**    **Defense Counsel's Efforts With Witness Testimony and Exhibits**

Petitioner claims that defense counsel provided ineffective assistance because he did not prepare the testimony of any of the defense witnesses before trial, did not obtain a witness the Petitioner requested, and failed to obtain copies of evidence that Petitioner requested and did little more than show up for trial. The Court disagrees. Once again, the only evidence of these claims is Petitioner's own declaration. Defense counsel states that he prepared extensively with Petitioner and spent "a huge number of hours with him preparing for every aspect of his defense." Opp'n Ex. D (Kennon Decl.) (Dkt. 342) at ¶ 9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                          Date: August 30, 2012
        SACR 02-319 DOC                            Page 8

---

Defense counsel filed numerous motions, the sheer number of which indicate zealousness rather than apathy. Finally, there is nothing to suggest that had witnesses been better prepared, or additional witnesses been called, or copies of evidence been obtained, the outcome of the trial would be affected in any way. Therefore, Petitioner has failed to demonstrate that counsel provided constitutionally-deficient representation.

### iii.    Defense Counsel's Preparation of Jury Instructions

Petitioner claims that the defense counsel failed to prepare jury instructions and this shows that his representation was constitutionally deficient. The Court disagrees. Once again the only evidence of these claims is Petitioner's own declaration. While defense counsel may not have submitted jury instructions personally, defense counsel states that the jury instructions advanced by co-counsel were the result of joint consultation. Opp'n Ex. D (Kennon Decl.) (Dkt. 342) at ¶ 10. In addition, there is nothing in the record to suggest that defense counsel's assistance fell below an objectively reasonable standard regarding his preparation of jury instructions, nor does anything in the record suggest that more capable lawyering regarding the jury instructions would have affected the outcome of the trial.

### iv.    Defense Counsel's Failure to Object

Petitioner claims that defense counsel was ineffective because he failed to object to the retroactive application of *Madigan v. Telemarketing Assoc.*, 538 U.S. 600, 123 S.Ct. 1829, 155 L.Ed.2d 793 (2003). The Supreme Court decided *Madigan* after the Petitioner's charged conduct. Petitioner argues that *Madigan* altered the law by allowing the prosecution to use the percentage of funds a fundraiser retains as evidence of fraud. Therefore, Petitioner argues that *Madigan* should not have applied retroactively to his case and his counsel's failure to object constituted ineffective counsel. The Court disagrees.

Laws that alter the rules of evidence from the law at the time of the commission of the offense can not be applied retroactively. *See Carmell v. Texas*, 529 U.S. 513, 522 (2000). But *Madigan* did not alter the rules of evidence. Instead *Madigan* clarified the law as already set forth in *Village of Shaumburg v. Citizens for a Better Env't*, 444 U.S. 620 (1980), *Secretary of State of Maryland v. Joseph A. Munson Co.*, 467 U.S. 947 (1984), and *Riley v. National Fed'n of the Blind of North Carolina*, 487 U.S. 781 (1988).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                          Date: August 30, 2012
              SACR 02-319 DOC                              Page 9

---

*Madigan* merely stated that prior decisions did not foreclose using the percentage of charitable donations fundraisers retain for themselves as supporting evidence of fraud. *See Madigan*, 538 U.S. at 606 ("[o]ur prior decisions do not rule out, as supportive of a fraud claim against fundraisers, any and all reliance on the percentage of charitable donations fundraisers retain for themselves."). Therefore, the use of *Madigan* did not retroactively apply new law to the Petitioner's case and Petitioner's argument that counsel was ineffective in this regard is without merit.

### d.  Any *Pepper* Error Was Not A Miscarriage of Justice

In a successful § 2255 motion based on errors in sentencing, the "defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" Id. (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). "[R]elief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

In *Pepper v. United States*, 131 S.Ct. 1229, (2011), the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." 131 S.Ct. at 1236. Petitioner argues that *Pepper* should apply retroactively on collateral review and therefore the Court's failure to consider Petitioner's postsentencing rehabilitation at resentencing constitutes error which resulted in a miscarriage of justice. The Court disagrees.

Petitioner cannot show his sentencing rose to the level of a "complete miscarriage of justice." If the Court applied *Pepper* at resentencing it would have been in its discretion to impose a shorter prison sentence after considering Petitioner's post-sentencing rehabilitation. Yet the Court would also have had the discretion to impose the same prison sentence even after it considered the Petitioner's post-sentencing rehabilitation. Petitioner's claim does not rise to the level of "complete miscarriage of justice" when his claim turns only on a discretionary possibility of a lower sentence to which there is no legal requirement. Therefore, the Court DENIES Petitioners motion to the extent that it is premised on this argument.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                          Date: August 30, 2012
      SACR 02-319 DOC                              Page 10

---

### e.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts reads as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.

Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 542 (2000) (internal quotation marks omitted).

Here, Petitioner has not made the requisite showing with respect to any of the constitutional claims in the Petition. Accordingly, a Certificate of Appealability is denied.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-1823 DOC                             Date: August 30, 2012
      SACR 02-319 DOC                               Page 11

---

### IV.    Disposition

      For the reasons stated above, the Court DENIES Petitioner's motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Additionally, the Court DENIES to issue a Certificate of Appealability.

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk: jcb